# Supreme Court of Florida

_____

No. SC2023-1371
_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF JUVENILE PROCEDURE - 2023 LEGISLATION.**

December 7, 2023

PER CURIAM.

In response to recent legislation, the Florida Bar's Juvenile Court Rules Committee (Committee) has filed a "fast-track" report proposing amendments to Florida Rules of Juvenile Procedure 8.224 (Permanent Mailing Address), 8.225 (Process, Diligent Searches, and Service of Pleadings and Papers), 8.255 (General Provisions for Hearings), 8.305 (Shelter Petition, Hearing, and Order), 8.330 (Adjudicatory Hearings), 8.347 (Motion to Supplement Order of Adjudication, Disposition Order, and Case Plan), 8.505 (Process and Service), 8.510 (Advisory Hearing and Pretrial Status Conferences), and 8.525 (Adjudicatory Hearings); and Florida Rules of Juvenile Procedure Forms 8.959 (Summons for Dependency Arraignment), 8.979 (Summons for Advisory Hearing), and 8.982

(Notice of Action for Advisory Hearing).[1] The amendments reflect changes to sections 39.013, 39.0131, 39.402, 39.502, 39.506, 39.521, and 39.801, Florida Statutes, made by chapter 2023-302, Laws of Florida, which went into effect on June 27, 2023. *See* ch. 2023-302, §§ 1-7, 10, Laws of Fla.

The Board of Governors of The Florida Bar unanimously approved the Committee's proposal. The Committee did not publish its proposal before filing it with the Court. After considering the Committee's proposal and the relevant legislation, we amend the Florida Rules of Juvenile Procedure as proposed by the Committee. We discuss some of the revisions below.

In general, revisions are made throughout the subject rules to simplify language consistent with *In re Guidelines for Rules Submissions*, Florida Administrative Order No. AOSC22-78 (Fla. Oct. 24, 2022).

Next, rule 8.224 is amended to reflect that a primary e-mail address, if available and absent good cause, must be provided, as

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(e).

well as the factors a court must consider in determining good cause to excuse providing a primary e-mail address. Relatedly, rules 8.224, 8.225, and 8.255 are amended to reflect that a party may consent to service by e-mail if the primary e-mail address is provided to the clerk, and rule 8.224 is amended to also provide that a parent must consent orally or in writing to service by e-mail.

In addition, rules 8.225, 8.255, 8.330, 8.347, 8.505, 8.510, and 8.525, and forms 8.959, 8.979, and 8.982 are amended to reflect the removal of all references to "personal" or "personally" in conjunction with "appearance." With respect to the Committee's proposed amendments to the forms, we observe that the proposals are limited to only the English version of the forms, notwithstanding that the Committee sought fast-track treatment by the Court. Accordingly, to prevent inconsistencies within those forms, we must delete the Spanish and Creole translations.[2]

---

2. In the event the Committee believes the Spanish and Creole translations of the forms should be included, the Committee may file a new report proposing that the Court adopt them.

Lastly, rules 8.225, 8.305, 8.330, 8.347, 8.505, and 8.525 are amended to reflect that, if applicable, the summons or notice must include instructions for appearing by "communication technology."

Accordingly, the Florida Rules of Juvenile Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[3]

---

3. All comments must be filed with the Court on or before February 20, 2024, with a certificate of service verifying that a copy has been served on the Committee Chair, Cheo A. Reid, 401 N. Dixie Highway, West Palm Beach, Florida 33401, creid@sa15.org, and on the Bar Staff Liaison to the Committee, Michael Hodges, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, rules@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until March 12, 2024, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or

It is so ordered.

MUÑIZ, C.J., and CANADY, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.
LABARGA, J., concurs specially with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

LABARGA, J., specially concurring.

I recognize that the Committee only proposed amendments to the English version of the forms and not the Spanish and Creole translations. Thus, this Court's rationale for deleting the Spanish and Creole translations is to avoid any inconsistencies with the English version as amended.

However, given the great benefit provided by including Spanish and Creole translations of the forms, I encourage the Committee's swift consideration of any necessary changes to the translations.

Original Proceeding – Florida Rules of Juvenile Procedure

Cheo A. Reid, Chair, Juvenile Court Rules Committee, West Palm Beach, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida,

---

hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

for Petitioner

**APPENDIX**

**RULE 8.224.   PERMANENT MAILING AND E-MAIL ADDRESSES**

**(a)   Designation.** On the first appearance before the court, each party must provide a permanent mailing address and primary e-mail address to the court. The court must advise each party that ~~this~~these addresses will be used by the court, the petitioner, and other parties for notice unless and until the party notifies the court and the petitioner, in writing, of a new mailing or e-mail address. The court may excuse a party from the requirement to provide an e-mail address for good cause shown. The court may consider the following factors in determining whether good cause exists:

(1)   the party does not have an e-mail address;

(2)   the party does not have reliable and consistent access to an e-mail address;

(3)   the party has some other barrier that prevents access to e-mail; or

(4)   any other factor the court deems relevant.

The court must excuse a party who is incarcerated and not represented by an attorney from the requirement to provide an e-mail address.

**(b)   Effect of Filing.** On the filing of a permanent mailing and e-mail address designation with the court, the party then has an affirmative duty to keep the court and the petitioner informed of any address change. Any address change must be filed with the court as an amendment to the permanent address or e-mail designation within 10 calendar days.

**(c)**   [No Change]

**(d)   Service by E-mail**. A party may consent to service or notice by e-mail by providing a primary e-mail address to the clerk.

A parent who is required to provide an e-mail address pursuant to statute must consent orally or in writing consent to service by e-mail.


### RULE 8.225. PROCESS, DILIGENT SEARCHES, AND SERVICE OF PLEADINGS AND PAPERS

**(a) Summons and Subpoenas.**

(1) *Summons.* UponOn the filing of a dependency petition, the clerk shallmust issue a summons. The summons shallmust require the person on whom it is served to appear for a hearing at a time and place specified not less than 72 hours after service of the summons. If applicable, the summons must also include instructions for appearing at the hearing through communication technology. A copy of the petition shallmust be attached to the summons.

(2) *Subpoenas.* Subpoenas for testimony before the court, for production of tangible evidence, and for taking depositions shallmust be issued by the clerk of the court, the court on its own motion, or any attorney of record for a party. Subpoenas may be served within the state by any person over 18 years of age who is not a party to the proceeding. In dependency and termination of parental rights proceedings, subpoenas may also be served by authorized agents of the department or the guardian ad litem. Except as otherwise required by this rule, the procedure for issuance of a subpoena by an attorney of record in a proceeding shallmust be as provided in the Florida Rules of Civil Procedure.

(3) *Service of Summons and Other Process to Persons Residing in the State.* The summons and other process shallmust be served upon all parties other than the petitioner as required by law. The summons and other process may be served by authorized agents of the department or the guardian ad litem. A party may consent to service by e-mail by providing a primary e-mail address to the clerk.

(A)    Service by publication ~~shall not be~~is not required for dependency hearings and ~~shall be~~is required only for service of summons in a termination of parental rights proceeding for parents whose identities are known but whose whereabouts cannot be determined despite a diligent search. Service by publication in these circumstances ~~shall be~~is considered valid service.

(B)    The failure to serve a party or give notice to a participant in a dependency hearing ~~shall~~does not affect the validity of an order of adjudication or disposition if the court finds that the petitioner has completed a diligent search that failed to ascertain the identity or location of that party.

(C)    ~~Personal a~~Appearance, either physically or by audio-video communication technology, of any person in a hearing before the court eliminates the requirement for serving process ~~up~~on that person.

(4)    *Service of Summons and Other Process to Persons Residing Outside of the State in Dependency Proceedings.*

(A)    Service of the summons and other process on parents, parties, participants, petitioners, or persons outside this state ~~shall~~must be in a manner reasonably calculated to give actual notice, and may be made:

(i)-(ii)    [No Change]

(iii)    by any form of mail addressed to the person to be served and requesting a receipt; ~~or~~

(iv)    by e-mail if the person consented to service by e-mail by providing a primary e-mail address to the clerk; or

(~~iv~~)    as directed by the court.

Service by publication ~~shall not be~~is not required for dependency hearings.

(B)     Notice under this rule shallmust be served, mailed, delivered, or last published at least 20 days before any hearing in this state.

(C)     Proof of service outside this state may be made by affidavit of the person who made the service or in the manner prescribed by the law of this state, the order pursuant tounder which the service is made, or the law of the place in which the service is made. If service is made by mail, proof may be in a receipt signed by the addressee or other evidence of delivery to the addressee.

(D)     Personal aAppearance, either physically or by audio-video communication technology, of any person in a hearing before the court eliminates the requirement for serving process upon that person.

(5)     *Service of Persons on Active Military Duty in Dependency Proceedings.* In the case of a person on active military duty, service completed pursuant tounder subdivision (a)(3) or (a)(4) of this rule must be in compliance with state and federal laws.

**(b)     Diligent Search.**

(1)     *Location Unknown.* If the location of a parent is unknown and that parent has not filed a permanent address designation with the court, the petitioner shallmust complete a diligent search as required by law.

(2)     *Affidavit of Diligent Search.* If the location of a parent is unknown after the diligent search has been completed, the petitioner shallmust file with the court an affidavit of diligent search executed by the person who made the search and inquiry.

(3)     [No Change]

(4)     *Continuing Duty.* After filing an affidavit of diligent search in a dependency or termination of parental rights proceeding, the petitioner, and, if the court requires, the department, are under a continuing duty to search for and attempt

to serve the parent whose location is unknown until excused from further diligent search by the court. The department ~~shall~~must report on the results of the continuing search at each court hearing until the person is located or until further search is excused by the court.

**(c)** **Identity of Parent Unknown.**

(1)    If the identity of a parent is unknown, and a petition for dependency, shelter care, or termination of parental rights is filed, the court ~~shall~~must conduct the inquiry required by law. The information required by law may be submitted to the court in the form of a sworn affidavit executed by a person having personal knowledge of the facts.

(2)    If the court inquiry fails to identify any person as a parent or prospective parent, the court ~~shall so find and~~ may proceed to grant the requested relief of the petitioner as to the unknown parent without further notice.

**(d)**    [No Change]

**(e)**    **Effect of Failure to Serve.** Failure to serve parents whose identity or residence is unknown ~~shall~~does not affect the validity of an order of adjudication or disposition if the court finds the petitioner has completed a diligent search.

**(f)**    **Notice and Service of Pleadings and Papers.**

(1)    *Notice of Arraignment Hearings in Dependency Cases.* Notice of the arraignment hearing must be served on all parties with the summons and petition. The document containing the notice to appear in a dependency arraignment hearing must contain, in type at least as large as the balance of the document, the following or substantially similar language: "FAILURE TO ~~PERSONALLY~~ APPEAR AT THE ARRAIGNMENT HEARING CONSTITUTES CONSENT TO THE ADJUDICATION OF THIS CHILD (OR THESE CHILDREN) AS A DEPENDENT CHILD (OR CHILDREN) AND MAY ULTIMATELY RESULT IN LOSS OF CUSTODY OF THIS CHILD (OR THESE CHILDREN)." If the hearing will be held through

communication technology, the written notice must include instructions for appearing at the hearing through communication technology. Any preadoptive parents of the children and all participants, including the child's foster parents and relative caregivers, must be notified of the arraignment hearing.

(2)     [No Change]

(3)     *Notice of Hearings to Participants and Parties Whose Identity or Address are Known.* Any preadoptive parents, all participants, including foster parents and relative caregivers, and parties whose identity and address are known must be notified of all proceedings and hearings, unless otherwise provided by law. Notice involving emergency hearings must be that which is most likely to result in actual notice. It is the duty of the petitioner or moving party to notify any preadoptive parents, all participants, including foster parents and relative caregivers, and parties known to the petitioner or moving party of all hearings, except hearings which must be noticed by the court. Additional notice is not required if notice was provided to the parties in writing by the court or is contained in prior court orders and those orders were provided to the participant or party. All foster or preadoptive parents must be provided at least 72 hours notice, verbally or in writing, of all proceedings or hearings relating to children in their care or children they are seeking to adopt to ensure the ability to provide input to the court. This subdivision ~~shall~~<u>must</u> not be construed to require that any foster parent, preadoptive parent, or relative caregiver be made a party to the proceedings solely on the basis of notice and a right to be heard.

(4)     *Service of Pleadings, Orders, and Papers.* Unless the court orders otherwise, every pleading, order, and paper filed in the action after the initial petition~~,~~ ~~shall~~<u>must</u> be served on each party or the party's attorney. Nothing ~~herein shall be construed to~~ <u>in this rule</u> require<u>s</u> that a plea be in writing or that an application for witness subpoena be served.

(5)     *Method of Service.* When service is required or permitted to be made upon a party or participant represented by an

- 12 -

attorney, service ~~shall~~<u>must</u> be made upon the attorney unless service upon the party or participant is ordered by the court.

(A)-(B)    [No Change]

(6)-(11)    [No Change]

## RULE 8.255.   GENERAL PROVISIONS FOR HEARINGS

**(a)**    [No Change]

**(b)    Presence of Child.**

(1)-(2)    [No Change]

(3)    If a child is not present at a hearing, the court ~~shall~~<u>must</u> inquire and determine the reason for the absence of the child. The court ~~shall~~<u>must</u> determine whether it is in the best interest of the child to conduct the hearing without the presence of the child or to continue the hearing to provide the child an opportunity to be present at the hearing.

(4)    [No Change]

**(c)**    [No Change]

**(d)    Examination of Child; Special Protections.**

(1)    [No Change]

(2)    *In-Camera Examination.*

(A)    On motion and hearing, the child may be examined by the court outside the presence of other parties as provided by law. The court ~~shall~~<u>must</u> assure that proceedings are recorded, unless otherwise stipulated by the parties.

(B)-(D)    [No Change]

**(e)** **Conducting Hearings.** Except as otherwise provided in these rules, proceedings must be conducted as follows.

(1)-(2) [No Change]

(3) The court may consider the following factors in determining whether good cause exists:

(A) the consent of the parties,;

(B) the time-sensitivity of the matter,;

(C) the nature of the relief sought,;

(D) the resources of the parties and the court,;

(E) the anticipated duration of the testimony,;

(F) the need and ability to review and identify documents during testimony,;

(G) the probative value of the testimony,;

(H) the geographic location of the witnesses,;

(I) the cost and inconvenience in requiring the physical presence of the witnesses,;

(J) the need for confrontation of the witnesses,;

(K) the need to observe the demeanor of the witnesses,;

(L) the potential for unfair surprise,; and

(M) any other matter relevant to the request.

(4) [No Change]

**(f)    Taking Testimony.**

(1)    *Testimony at a Hearing or Trial.* When testifying at a hearing or trial, a witness must be physically present unless otherwise provided by law or these rules. This rule ~~shall~~does not apply to statutory requirements for parents to ~~personally~~ appear at arraignment hearings, advisory hearings, and adjudicatory hearings.

(2)-(3)    [No Change]

**(g)-(i)**        [No Change]

**(j)    Notice.** When these rules do not require a specific notice, all parties will be given reasonable notice of any hearing. A party may consent to notice by e-mail by providing a primary e-mail address to the clerk.

**(k)    Written Notice.** The court must provide written notice of the right to participate in a private adoption plan, ~~pursuant to~~under chapter 63, Florida Statutes, when required by law.

**Committee Notes**
[No Change]

## RULE 8.305.    SHELTER PETITION, HEARING, AND ORDER

**(a)    Shelter Petition.** If a child has been or is to be removed from the home and maintained in an out-of-home placement for more than 24 hours, the person requesting placement ~~shall~~must file a written petition that ~~shall~~must:

(1)    specify the name, address, date of birth, and sex of the child or, if unknown, designate the child by any name or description by which he or she can be identified with reasonable certainty and ~~shall~~ indicate whether the child has a special need requiring appointment of counsel as defined in section 39.01305, Florida Statutes;

(2)-(10)     [No Change]

**(b)     Shelter Hearing.**

(1)     The parents or legal custodians of the child ~~shall~~must be given actual notice of the date, time, and location of the shelter hearing. If the hearing will be held through communication technology, the notice must include instructions for appearing at the hearing through communication technology. If the parents are outside the jurisdiction of the court, are not known, cannot be located, or refuse or evade service, they ~~shall~~must be given such notice as best ensures their actual knowledge of the date, time, and location of the shelter hearing. If the parents or legal custodians are not present at the hearing, the person providing, or attempting to provide, notice to the parents or legal custodians ~~shall~~must advise the court in person or by sworn affidavit of the attempts made to provide notice and the results of those attempts.

(2)     The court ~~shall~~must conduct an informal hearing on the petition within the time limits provided by law. The court ~~shall~~must determine at the hearing the existence of probable cause to believe the child is dependent and whether the other criteria provided by law for placement in a shelter have been met. The shelter hearing may be continued for up to 72 hours with the child remaining in shelter care if either:

(A)-(B)     [No Change]

(3)     The issue of probable cause ~~shall~~must be determined in a nonadversarial manner, applying the standard of proof necessary for an arrest warrant.

(4)     At the hearing, all interested persons present ~~shall~~must have an opportunity to be heard and present evidence on the criteria for placement provided by law.

(5)     [No Change]

(6)     The court ~~shall~~must advise the parent or legal custodian of:

    (A)-(D)     [No Change]

(7)     The court ~~shall~~must appoint:

    (A)-(C)     [No Change]

(8)     The court ~~shall~~must determine visitation rights absent a clear and convincing showing that visitation is not in the best interest of the child.

(9)     [No Change]

(10)    The court ~~shall~~must inquire of the parents whether the parents have relatives, fictive kin, or nonrelatives who might be considered for placement of the child. The parents ~~shall~~must provide to the court and all parties identification and location information regarding the relatives, fictive kin, or nonrelatives. The court ~~shall~~must advise the parents that the parents have a continuing duty to inform the department of any relatives, fictive kin, or nonrelatives who should be considered for placement of the child.

(11)    The court ~~shall~~must advise the parents in plain language what is expected of them to achieve reunification with their child, including that:

    (A)-(D)     [No Change]

(12)    The court must request that the parents consent to provide access to the child's medical records and to the child's child care records, early education program records, or other educational records and provide information to the court, the department, or its contract agencies, and any guardian ad litem or attorney for the child. If a parent is unavailable, is unable to consent, or withholds consent and the court determines access to the records and

- 17 -

information is necessary to provide services for the child, the court ~~shall~~<u>must</u> issue an order granting access.

(13)-(15)   [No Change]

**(c)**   [No Change]

**(d)**   **Release from Shelter Care.** No child ~~shall~~<u>may</u> be released from shelter care after a shelter order has been entered except on order of the court unless the shelter order authorized release by the department.

**Committee Note**
[No Change]

## RULE 8.330.   ADJUDICATORY HEARINGS

**(a)**   **Hearing by Judge.** The adjudicatory hearing ~~shall~~<u>must</u> be conducted by the judge, without a jury, utilizing the rules of evidence in use in civil cases. At this hearing the court ~~shall~~<u>must</u> determine whether the allegations of the dependency petition have been sustained by a preponderance of the evidence. If the court is of the opinion that the allegations are sustained by clear and convincing evidence, it may enter an order so stating.

**(b)**   **Examination of Witnesses.** A party may call any person as a witness. A party ~~shall have~~<u>has</u> the right to examine or cross-examine all witnesses. However, the child and the parents, caregivers, or legal custodians of the child may be examined separately and apart from each other.

**(c)**   **Presence of Parties.** All parties have the right to be present at all hearings. A party may appear in person or, at the discretion of the court for good cause shown, by communication technology. No party ~~shall~~<u>may</u> be excluded from any hearing unless so ordered by the court for disruptive behavior or as provided by law. If a person appears for the arraignment hearing and the court orders that person to ~~personally~~ appear at the adjudicatory hearing for dependency, stating the date, time, and place of the adjudicatory hearing~~,~~ <u>and, if the hearing will be held through communication</u>

- 18 -

technology, instructions for appearing at the hearing through communication technology, then that person's failure to appear for the scheduled adjudicatory hearing constitutes consent to a dependency adjudication.

**(d)** [No Change]

**(e)** **Motion for Judgment of Dismissal.** In all proceedings, if at the close of the evidence for the petitioner the court is of the opinion that the evidence is insufficient to warrant a finding of dependency, it may, and on the motion of any party shall, enter an order dismissing the petition for insufficiency of the evidence or find that allegations in the petition have not been sustained. If the court finds that allegations in the petition have not been sustained but does not dismiss the petition, the parties, including all parents, shallmust continue to receive pleadings, notices, and documents and to have the right to be heard.

**(f)** **Dismissal.** If the court shall finds that the allegations in the petition have not been sustained, it shallmust enter an order dismissing the case for insufficiency of the evidence or find that allegations in the petition have not been sustained. If the court finds that allegations in the petition have not been sustained but does not dismiss the petition, the parties, including all parents, shallmust continue to receive pleadings, notices, and documents and to have the right to be heard.

**Committee Notes**
[No Change]

**RULE 8.347.** **MOTION TO SUPPLEMENT ORDER OF ADJUDICATION, DISPOSITION ORDER, AND CASE PLAN**

**(a)** [No Change]

**(b)** **Contents. The motion must:**

- 19 -

(1)    ~~The motion must~~ identify the age, sex, and name of the children whose parent or legal custodian is the subject of the motion~~.~~;

(2)    ~~The motion must~~ specifically identify the parent or legal custodian who is the subject of the motion~~.~~; and

(3)    ~~The motion must~~ allege sufficient facts showing that a parent or legal custodian contributed to the dependency status of the child pursuant to the statutory definition of a dependent child.

**(c)-(d)**    [No Change]

**(e)    Notice.**

(1)    *In General.* Parents or legal custodians who have previously been properly served with the dependency petition or who have previously appeared in the dependency proceeding ~~shall~~must be served with a notice of hearing and copies of the motion and the initial order of adjudication of dependency in the same manner as the service of documents that are filed after the service of the initial dependency petition as provided in these rules. The notice ~~shall~~must require the person on whom it is served to appear for the preliminary hearing on the motion at a time and place specified, not less than 72 hours after service of the motion. The document containing the notice to respond or appear must contain, in type at least as large as the balance of the document, the following or substantially similar language: "FAILURE TO ~~PERSONALLY~~ APPEAR AT THE PRELIMINARY HEARING ON THE MOTION CONSTITUTES YOUR CONSENT TO THE COURT'S FINDING THAT YOU CONTRIBUTED TO THE DEPENDENCY STATUS OF THE CHILD ~~PURSUANT TO~~UNDER THE STATUTORY DEFINITION OF A DEPENDENT CHILD AND MAY ULTIMATELY RESULT IN LOSS OF CUSTODY OF THIS CHILD (OR CHILDREN)." If the hearing will be held through communication technology, the notice must include instructions for appearing at the hearing through communication technology.

(2)    *Summons.*

(A)     Parents or legal custodians who have not been properly served with the dependency petition or who have not previously appeared in the dependency proceeding must be properly served with a summons and copies of the motion and the initial order of adjudication of dependency. The summons must require the person on whom it is served to appear for a preliminary hearing on the motion at a time and place specified, not less than 72 hours after service of the summons. The summons must contain, in type at least as large as the balance of the document, the following or substantially similar language: "FAILURE TO ~~PERSONALLY~~ APPEAR AT THE PRELIMINARY HEARING ON THE MOTION CONSTITUTES YOUR CONSENT TO THE COURT'S FINDING THAT YOU CONTRIBUTED TO THE DEPENDENCY STATUS OF THE CHILD ~~PURSUANT TO~~UNDER THE STATUTORY DEFINITION OF A DEPENDENT CHILD AND MAY ULTIMATELY RESULT IN LOSS OF CUSTODY OF THIS CHILD (OR CHILDREN)." <u>If the hearing will be held through communication technology, the summons must also include instructions for appearing at the hearing through communication technology.</u>

(B)     Upon the filing of the motion and upon request, the clerk ~~shall~~<u>must</u> issue a summons.

(C)     The movant ~~shall not be~~<u>is not</u> required to serve a summons on a parent or legal custodian who has previously been properly served with the dependency petition or who has appeared in the dependency proceeding.

(D)     The summons ~~shall~~<u>must</u> be served in the same manner as service of a dependency petition as required by law.

(E)     Service by publication of the motion ~~shall not be~~<u>is not</u> required.

(F)     [No Change]

(G)     ~~Personal a~~Appearance of any person in a hearing before the court on the motion eliminates the requirement for serving process upon that person.

(H)     [No Change]

**(f)     Preliminary Hearing on Motion.**

(1)-(2)     [No Change]

(3)     If the parent or legal custodian who is the subject of the motion wishes to consent to the motion without admitting or denying the allegations of the motion, the court ~~shall~~must enter an order supplementing the initial order of adjudication of dependency based on the sworn allegations of the motion. Failure of the person properly served with notice to ~~personally~~ appear at the preliminary hearing on the motion constitutes the person's consent to the court's finding that the person contributed to the dependency status of the child ~~pursuant to~~under the statutory definition of a dependent child.

**(g)     Evidentiary Hearing.**

(1)     *Hearing Procedures.* The hearing ~~shall~~must be conducted in the same manner and with the same procedures as the adjudicatory hearing on the dependency petition as provided in these rules.

(2)     [No Change]

(3)     *Denial of Motion.* If the court, at the conclusion of the evidence, finds that the allegations in the motion have not been sustained, the court ~~shall~~must enter an order denying the motion.

(4)     *Granting of the Motion.* If the court finds that the movant has proven the allegations of the motion, the court ~~shall~~must enter an order granting the motion as provided in these rules.

(5)　*Failure to Appear.* If a person appears for the preliminary hearing on the motion and the court orders that person to ~~personally~~ appear at the evidentiary hearing on the motion, stating the date, time, and place of the evidentiary hearing, then that person's failure to appear for the scheduled evidentiary hearing constitutes consent to the court's finding that the person contributed to the dependency status of the child ~~pursuant to~~under the statutory definition of a dependent child.

**(h)　Supplemental Order of Adjudication.**

(1)　If the parent or legal custodian consents to the motion and its allegations or if the court finds that the movant has proven the allegations of the motion at an evidentiary hearing, the court ~~shall~~must enter a written order granting the motion and specifying facts that support findings that a parent or legal custodian contributed to the dependency status of the child ~~pursuant to~~under the statutory definition of a dependent child and stating whether the court made the finding by a preponderance of the evidence or by clear and convincing evidence.

(2)　If necessary, the court ~~shall~~must schedule a supplemental disposition hearing within 15 days.

(3)　The court ~~shall~~must advise the parent who is the subject of the motion that if the parent fails to substantially comply with the case plan, parental rights may be terminated.

(4)　If the child is in out-of-home placement, the court ~~shall~~must inquire of the parents whether the parents have relatives who might be considered as placement for the child. The parents ~~shall~~must provide to the court and to all parties the identity and location of the relatives.

**(i)　Supplemental Disposition Hearing.**

(1)　*Hearing.* If necessary, the court ~~shall~~must conduct a supplemental disposition hearing ~~pursuant to~~under the same procedures for a disposition hearing and case plan review hearing as provided by law.

- 23 -

(2)     [No Change]

(3)     *Supplemental Order of Disposition.* The court
~~shall~~must in its written supplemental order of disposition include:

(A)-(I)     [No Change]


## RULE 8.505.     PROCESS AND SERVICE

**(a)**     [No Change]

**(b)     Contents.** The document containing the notice to appear ~~shall~~must notify the required persons of the filing of the petition, include instructions for appearance through communication technology if the hearing will be held through communication technology, and ~~must~~ contain in type at least as large as the balance of the document the following or substantially similar language:

"FAILURE TO ~~PERSONALLY~~ APPEAR AT THE ADVISORY HEARING CONSTITUTES CONSENT TO THE TERMINATION OF PARENTAL RIGHTS OF THIS CHILD (THESE CHILDREN). IF YOU FAIL TO APPEAR ON THE DATE AND TIME SPECIFIED, YOU MAY LOSE ALL LEGAL RIGHTS AS A PARENT TO THE CHILD OR CHILDREN NAMED IN THE PETITION ATTACHED TO THIS NOTICE."

**(c)     Constructive Service.** Parties whose identities are known and on whom personal service of process cannot be effected ~~shall~~must be served by publication as provided by law. The notice of action ~~shall~~must contain the initials of the child and the child's date of birth. There ~~shall~~must be no other identifying information of the child in the notice of action. The notice of action ~~shall~~must include the full name and last known address of the person subject

to the notice. The notice of action ~~shall~~<u>must</u> not contain the name or any other identifying information of the other parents or prospective parents who are not subject to the notice.

**(d)** [No Change]

**RULE 8.510.   ADVISORY HEARING AND PRETRIAL STATUS CONFERENCES**

**(a)   Advisory Hearing.**

(1)   An advisory hearing on the petition to terminate parental rights must be held as soon as possible after service of process can be effected, but no less than 72 hours following service of process. ~~Personal a~~<u>A</u>ppearance of any person at the advisory hearing eliminates the time requirement for serving process on that person.

(2)   The court must:

(A)-(B)      [No Change]

(C)   determine whether an admission, consent, or denial to the petition ~~shall~~<u>must</u> be entered; and

(D)   [No Change]

(3)   If a parent served with notice fails to ~~personally~~ appear at the advisory hearing, the court ~~shall~~<u>must</u> enter a consent to the termination of parental rights petition for the parent who failed to ~~personally~~ appear.

(4)   If an admission or consent is entered by all parents for a named child included in the petition for termination of parental rights and the court finds that termination of parental rights is in the best interest of the child, the court ~~shall~~<u>must</u> proceed to disposition alternatives as provided by law.

(5)   If a denial is entered, the court ~~shall~~<u>must</u> set an adjudicatory hearing within the period of time provided by law or

grant a continuance until the parties have sufficient time to proceed to an adjudicatory hearing.

**(b)** **Pretrial Status Conference.** Not less than 10 days before the adjudicatory hearing on a petition for involuntary termination of parental rights, the court ~~shall~~must conduct a pretrial status conference to determine the order in which each party may present witnesses or evidence, the order in which cross-examination and argument ~~shall~~must occur, which witnesses will be physically present and which will appear via audio-video communication technology, and any other matters that may aid in the conduct of the adjudicatory hearing.

**(c)** [No Change]


## RULE 8.525.  ADJUDICATORY HEARINGS

**(a)** **Hearing by Judge.** The adjudicatory hearing ~~shall~~must be conducted by the judge without a jury using the rules of evidence for civil cases. At this hearing the court ~~shall~~must determine whether the elements required by law for termination of parental rights have been established by clear and convincing evidence.

**(b)** **Time of Hearing.** The adjudicatory hearing ~~shall~~must be held within 45 days after the advisory hearing, unless all necessary parties stipulate to some other hearing date. Reasonable continuances may be granted for purposes of investigation, discovery, procuring counsel or witnesses, or for other good cause shown.

**(c)** **Examination of Witnesses.** A party may call any person, including a child, as a witness. A party ~~shall have~~has the right to examine or cross-examine all witnesses.

**(d)** **Presence of Parties.** All parties have the right to be present at all termination hearings. A party may appear in person or, at the discretion of the court for good cause shown, by communication technology. No party ~~shall~~may be excluded from

any hearing unless so ordered by the court for disruptive behavior or as provided by law. If a parent appears for the advisory hearing and the court orders that parent to ~~personally~~ appear at the adjudicatory hearing for the petition for termination of parental rights, stating the date, time, and location of this hearing and, if the hearing will be held through communication technology, instructions for appearing at the hearing through communication technology, then failure of that parent to ~~personally~~ appear at the adjudicatory hearing ~~shall~~ constitute~~s~~ consent for termination of parental rights.

**(e)** **Examination of Child.** The court may hear the testimony of the child outside the physical presence of the parties as provided by rule 8.255. Counsel for the parties ~~shall~~must be present during all examinations. The court may limit the manner in which counsel examine the child.

**(f)-(g)** [No Change]

**(h)** **Motion for Judgment of Dismissal.** In all termination of parental rights proceedings, if at the close of the evidence for the petitioner the parents move for a judgment of dismissal and the court is of the opinion that the evidence is insufficient to sustain the grounds for termination alleged in the petition, it ~~shall~~must enter an order denying the termination and proceed with dispositional alternatives as provided by law.

**(i)** [No Change]

**(j)** **Order.**

(1) *Terminating Parental Rights.*

(A) If the court finds after all of the evidence has been presented that the elements and one of the grounds for termination of parental rights have been established by clear and convincing evidence, the court ~~shall~~must enter a written order terminating parental rights and proceed with dispositional

alternatives as provided by law within 30 days after conclusion of the adjudicatory hearing.

(B)    The order must contain the findings of fact and conclusions of law on which the decision was based. The court ~~shall~~must include the dates of the adjudicatory hearing in the order.

(C)-(D)    [No Change]

(2)    *Denying Termination of Parental Rights.* If the court finds after all of the evidence has been presented that the grounds for termination of parental rights have not been established by clear and convincing evidence, but that the grounds for dependency have been established by a preponderance of the evidence, the court ~~shall~~must adjudicate or readjudicate the child dependent and proceed with dispositional alternatives as provided by law.

(3)    *Dismissing Petition.* If the court finds after all of the evidence has been presented that the allegations in the petition do not establish grounds for dependency or termination of parental rights, it ~~shall~~must enter an order dismissing the petition.

## FORM 8.959.   SUMMONS FOR DEPENDENCY ARRAIGNMENT

SUMMONS AND NOTICE OF HEARING

STATE OF FLORIDA

TO:   .....(name and address of person being summoned).....

.....(Petitioner's name)..... has filed in this court a petition, alleging under oath that the above-named child(ren) is/are dependent under the laws of the State of Florida and requesting that a summons issue in due course requiring that you appear before this court to be dealt with according to law. A copy of the petition is attached to this summons.

You are to appear before this Court at .....(location of hearing)....., at .....(time and date of hearing)......

**FAILURE TO ~~PERSONALLY~~ APPEAR AT THE ARRAIGNMENT HEARING CONSTITUTES CONSENT TO THE ADJUDICATION OF THIS CHILD (OR CHILDREN) AS A DEPENDENT CHILD (OR CHILDREN) AND MAY ULTIMATELY RESULT IN LOSS OF CUSTODY OF THIS CHILD (OR CHILDREN).**

IF YOU FAIL TO APPEAR YOU MAY BE HELD IN CONTEMPT OF COURT.

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

Witness my hand and seal of this court at .....(city, county, and state)....., on .....(date)......

CLERK OF COURT

BY:_____

DEPUTY CLERK

~~NOTIFICACIÓN Y CITACIÓN~~

~~PARA LA AUDIENCIA~~

~~ESTADO DE LA FLORIDA~~

~~PARA:_____~~

~~(Nombre y dirección de la persona a ser citada)~~

CONSIDERANDO, que _____

(Nombre del(a) demandante)

ha interpuesto en este Juzgado una petición en la cual alega bajo juramente la dependencia del(los) niño(s) según las leyes del Estado de la Florida, adjuntándose copia de la misma, y está solicitando la emisión oportuna de una citación para exigir su comparecencia ante este juzgado para tratar el asunto conforme a la ley.

POR LO TANTO, se le ordena comparecer ante este Juzgado en

a las

(lugar de la audiencia)          (hora y fecha de la audiencia)

**SI USTED NO COMPARECE PERSONALMENTE A LA AUDIENCIA INCOATORIA, ESTO SIGNIFICARÁ QUE USTED ACCEDE A LA ADJUDICACIÓN DE DEPENDENCIA DE ESTE(OS) NIÑO(S) Y FINALMENTE, PODRÁ RESULTAR EN LA PERDIDA DE LA TUTELA DEL(OS) NIÑO(S).**

SI USTED NO COMPARECE, SE LO PODRÁ JUZGAR EN DESACATO DEL TRIBUNAL.

**Si usted es una persona con una discapacidad que necesita cualquier tipo de trato especial para participar en este procedimiento, usted tiene derecho, sin costa alguno para usted, para la presetación de asistencia determinadas. Póngase en contacto con .......... (nombre, dirección, número de teléfono) .......... por lo menos 7 dias antes la aparición en la corte programado, o immediatamente después de reciber esta notification, si el tiempo antes de la comparecencia prevista es inferiof a 7 dias. Si usted está oyendo o voz alterada, llame al 711.**

Firmado y sigilado en este Juzgado en＿＿＿＿＿＿＿＿＿＿＿＿＿＿

(ciudad, condado y estado)

el ＿＿＿＿＿＿

(fecha)

ESCRIBANO DEL TRIBUNAL

POR: ＿＿＿＿＿＿＿＿＿＿＿＿

ESCRIBANO DELEGADO

MANDA AK AVÈTISMAN POU

YON CHITA TANDE

Leta Florid

Pou: ..... (non ak adrès pou moun yo voye manda-a) .....

kÒm, tantiske, .......... (non pati ki fé demann-nan) .......... fé yon demann devan tribinal-la, epi li sèmante timounnan (yo), swa dizan bezwen pwoteksyon leta dapre règ lalwa nan Leta Florid, yon kopi enfòmasyon sou akizasyon-an kwoke nan lèt sa-a. Yo mande pou yo sèvi-w ak yon manda touswit, ki pou fose-w prezante devan tribinal la pou yo ka koresponn avèk ou, dapre lalwa.

Alò, pou sa yo kòmande-w pou prezante devan tribinal sa-a, ki nan .........., (adrès tribinal-la) .........., a .......... (nan dat ak lè, chita tande-a) ..........

**SI OU PA PREZANTE PESONÈLMAN NAN CHITA TANDE-A, POU**

**YO KA AVÈTI-W AK AKIZASYON OFISYÈL-LA, SA KA LAKÒZ YO DESIDE OU KONSANTI TIMOUN-NAN(YO), BEZWEN PWOTEKSYON LETA, EPI LI KA LAKÒZ OU PÈDI DWA-OU KÒM PARAN TIMOUN SA-A(YO).**

**SI OU PA PREZANTE, YO GEN DWA CHAJE-W, KÒMKWA OU MANKE TRIBINAL LA DEGA.**

**Si ou se yon moun infirm, ki beswen 'ed ou ki bewsen ke o akomode w pou ou patispe nan pwosedi sa yo, ou genyen dwa, san ke ou pa peye, a setin 'ed. Silvouple kontake .......... (non, address, telephone) .......... o moin 7 jou avan dat ou genyen rendevou pou ale nan tribunal, ou si le ou resevwa avi a, genyen mouins ke 7 jou avan date endevou tribunal la. Ou si ou pa tande pale, rele nan nimerro sa 711.**

Mwen siyen non mwen, epi mete so mwen, nan dokiman tribinal-la sa-a, kòm temwen, nan (vil, distrik, eta) .........., nan .......... (dat) .....

GREFYE TRIBINAL-LA

PA: _____

Asistan Grefye Tribinal-la

## FORM 8.979.  SUMMONS FOR ADVISORY HEARING

SUMMONS AND NOTICE OF ADVISORY

HEARING FOR TERMINATION OF

PARENTAL RIGHTS AND GUARDIANSHIP

STATE OF FLORIDA

TO:   .....(name and address of person being summoned).....

A Petition for Termination of Parental Rights under oath has been filed in this court regarding the above-referenced child(ren), a copy of which is attached. You are to appear before .....(judge)....., at .....(time and location of hearing)....., for a TERMINATION OF

PARENTAL RIGHTS ADVISORY HEARING. You must appear on the date and at the time specified.

**FAILURE TO ~~PERSONALLY~~ APPEAR AT THIS ADVISORY HEARING CONSTITUTES CONSENT TO THE TERMINATION OF PARENTAL RIGHTS TO THIS CHILD (THESE CHILDREN). IF YOU FAIL TO APPEAR ON THE DATE AND TIME SPECIFIED YOU MAY LOSE ALL LEGAL RIGHTS TO THE CHILD (OR CHILDREN) NAMED IN THE PETITION ATTACHED TO THIS NOTICE.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

Witness my hand and seal of this court at .....(city, county, state)..... on .....(date)......

CLERK OF COURT

BY:_____

DEPUTY CLERK


~~AVISO Y CITACIÓN PARA LA AUDIENCIA INFORMATIVA SOBRE LA TERMINACIÓN DE LOS DERECHOS PATERNALES Y DE LA TUTELA~~

~~ESTADO DE LA FLORIDA~~

~~PARA: .......................................................................................................................~~

- 33 -

(Nombre y dirección de la persona a ser citada)

CONSIDERANDO que se ha interpuesto en este Juzgado una solicitud bajo juramento para la terminación de los derechos paternales con respecto al(os) niño(s) en referencia, adjuntándose copia de la misma. Mediante la presente se le ordena comparecer ante el

_____ a las _____ para una
AUDIENCIA

(Juez)                    (hora y lugar de la audiencia)

INFORMATIVA SOBRE LA TERMINACIÓN DE LOS DERECHOS PATERNALES. Usted deberá comparecer en le fecha y hora indicadas.

**SI USTED NO COMPARECE PERSONALMENTE A LA AUDIENCIA INFORMATIVA, ESTO SIGNIFICARÁ QUE USTED ACCEDE A LA TERMINACIÓN DE SUS DERECHOS PATERNALES CON RESPECTO A ESTE(OS) NIÑO(S). SI USTED NO COMPARECE EN LA FECHA Y HORA INDICADAS, USTED PODRÁ PERDER TODOS SUS DERECHOS LEGALES CON RESPECTO AL/LOS NIÑO(S) MENCIONADO(S) EN LA PETICIÓN ADJUNTA A ESTE AVISO.**

**Si usted es una persona con una discapacidad que necesita cualquier tipo de trato especial para participar en este procedimiento, usted tiene derecho, sin costa alguno para usted, para la presetación de asistencia determinadas. Póngase en contacto con .......... (nombre, dirección, número de teléfono) .......... por lo menos 7 dias antes la aparición en la corte programado, o immediatamente después de reciber esta notification, si el tiempo antes de la comparecencia prevista es**

**inferiof a 7 dias. Si usted está oyendo o voz alterada, llame al 711.**

Firmado y sigilado en este Juzgado _____

_____ el _____
(ciudad, condado,                    (fecha)
estado)

ESCRIBANO DEL
TRIBUNAL

POR: _____

ESCRIBANO DELEGADO

MANDA AK AVÈTISMAN POU ENFOME-W SOU YON CHITA TANDE, POU YO ANILE DWA-W KÒM PARAN AK KÒM GADYEN

Leta Florid

POU: .......... (non ak adrès moun yo voye manda-a) ..........

KÒM, tandiske, gen yon demann sèmante pou anile dwa paran-yo, ki prezante devan tribinal-la, konsènan timoun ki nonmen nan lèt sa-a, piwo-a, yon kopi dokiman-an kwoke nan dosye-a., yo bay lòd pou prezante devan .......... (Jij-la) .........., a .......... (nan.lè ak adrès chita tande-a) .........., NAN YON CHITA TANDE POU YO ENFÒME-W, YO GEN LENTANSYON POU ANILE DWA-OU KÒM PARAN. Ou fèt pou prezante nan dat ak lè ki endike-a.

**SI OU PA PREZANTE PÈSONÈLMAN NAN CHITA TANDE-A, POU YO ENFÒME-W, YO GEN LENTANSYON POU ANILE DWA-OU KÒM PARAN, SA KA LAKÒZ YO DESIDE OU KONSANTI TIMOUN SA-A (YO), BEZWEN PWOTEKSYON LETA EPI SA KA LAKÒZ OU PÈDI**

**DWA-OU KÒM PARAN TIMOUN SA-A(YO), KI GEN NON YO MAKE NAN KOPI DEMANN-NAN, KI KWOKE NAN AVÈTISMAN-AN**

**Si ou se yon moun infirm, ki beswen 'ed ou ki bewsen ke o akomode w pou ou patispe nan pwosedi sa yo, ou genyen dwa, san ke ou pa peye, a setin 'ed. Silvouple kontake .......... (non, address, telephone) .......... o moin 7 jou avan dat ou genyen rendevou pou ale nan tribunal, ou si le ou resevwa avi a, genyen mouins ke 7 jou avan date endevou tribunal la. Ou si ou pa tande pale, rele nan nimerro sa 711.**

Mwen siyen non mwen e mete so mwen nan dokiman tribinal-la kòm temwen nan (vil, distrik, eta) .........., nan .......... (dat) .......................

GREFYE TRIBINAL-LA

PA: _____

ASISTAN GREFYE TRIBINAL-LA

## FORM 8.982.   NOTICE OF ACTION FOR ADVISORY HEARING

.....(Child(ren)'s initials and date(s) of birth).....

NOTICE OF ACTION AND OF ADVISORY HEARING FOR

TERMINATION OF PARENTAL RIGHTS AND

GUARDIANSHIP

STATE OF FLORIDA

TO: .....(name and address of person being summoned)....

A Petition for Termination of Parental Rights under oath has been filed in this court regarding the above-referenced child(ren). You are to appear before .....(judge)....., at .....(time and address of hearing)....., for a TERMINATION OF PARENTAL RIGHTS ADVISORY HEARING. You must appear on the date and at the time specified.

**FAILURE TO ~~PERSONALLY~~ APPEAR AT THIS ADVISORY HEARING CONSTITUTES CONSENT TO THE TERMINATION OF PARENTAL RIGHTS TO THIS CHILD (THESE CHILDREN). IF**

**YOU FAIL TO APPEAR ON THE DATE AND TIME SPECIFIED YOU MAY LOSE ALL LEGAL RIGHTS TO THE CHILD (OR CHILDREN) WHOSE INITIALS APPEAR ABOVE.**

COMMENT:   The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ......(name, address, telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

Witness my hand and seal of this court at .....(city, county, state)..... on .....(date)......

CLERK OF COURT

BY: _____

DEPUTY CLERK

AVISO Y CITACION PARA LA AUDIENCIA INFORMATIVA SOBRE LA TERMINACION DE LOS DERECHOS PATERNALES Y DE LA TUTELA

ESTADO DE LA FLORIDA

PARA: (Nombre y direccion de la persona a ser citada)

CONSIDERANDO que se ha interpuesto en este Juzgado una solicitud bajo juramento para la terminacion de los derechos paternales con respecto al(os) nino(s) en referencia, adjuntandose copia de la misma. Mediante la presente se le ordena comparecer ante el

_____ a las _____ para una AUDIENCIA

(Juez)     (hora y lugar de la audiencia)

INFORMATIVA SOBRE LA TERMINACION DE LOS DERECHOS PATERNALES. Usted debera comparecer en le fecha y hora indicadas.

**SI USTED NO COMPARECE PERSONALMENTE A LA AUDIENCIA INFORMATIVA, ESTO SIGNIFICARA QUE USTED ACCEDE A LA TERMINACION DE SUS DERECHOS PATERNALES CON RESPECTO A ESTE(OS) NINO(S). SI USTED NO COMPARECE EN LA FECHA Y HORA INDICADAS, USTED PODRA PERDER TODOS SUS DERECHOS LEGALES CON RESPECTO AL/LOS NINO(S) MENCIONADO(S) EN LA PETICION ADJUNTA A ESTE AVISO.**

**Si usted es una persona con una discapacidad que necesita cualquier tipo de trato especial para participar en este procedimiento, usted tiene derecho, sin costa alguno para usted, para la presetación de asistencia determinadas. Póngase en contacto con .......... (nombre, dirección, número de teléfono) .......... por lo menos 7 dias antes la aparición en la corte programado, o immediatamente después de reciber esta notification, si el tiempo antes de la comparecencia prevista es inferiof a 7 dias. Si usted está oyendo o voz alterada, llame al 711.**

Firmado y sigilado en este Juzgado _____

_____ el _____

(ciudad, condado, estado)     (fecha)

ESCRIBANO DEL

TRIBUNAL

POR: _____

ESCRIBANO DELEGADO

MANDA AK AVTISMAN POU ENFOME-W

SOU YON CHITA TANDE, POU YO ANILE

DWA-W KM PARAN AK KM GADYEN.

LETA FLORID

POU: .......... (non ak adrs moun yo voye manda-a) ..........

KOM, tandiske, gen yon demann smante pou anile dwa paran-yo, ki prezante devan tribinal la, konsnan timoun ki nonmen nan lt sa-a, piwo-a, yon kopi dokiman-an kwoke nan dosye-a., yo bay ld pou prezante devan .......... (Jij-la) .........., a .......... (nan.l ak adrs chita tande-a) .........., NAN YON CHITA TANDE POU YO ENFME-W, YO GEN LENTANSYON POU ANILE DWA-OU KM PARAN. Ou ft pou prezante nan dat ak l ki endike-a.

**SI OU PA PREZANTE PSONLMAN NAN CHITA TANDE-A, POU YO ENFME-W, YO GEN LENTANSYON POU ANILE DWA-OU KM PARAN, SA KA LAKZ YO DESIDE OU KONSANTI TIMOUN SA-A (YO), BEZWEN PWOTEKSYON LETA EPI SA KA LAKZ OU PDI DWA-OU KM PARAN TIMOUN SA-A(YO), KI GEN NON YO MAKE NAN KOPI DEMANN-NAN, KI KWOKE NAN AVTISMAN-AN**

**Si ou se yon moun infirm, ki beswen 'ed ou ki bewsen ke o akomode w pou ou patispe nan pwosedi sa yo, ou genyen dwa, san ke ou pa peye, a setin 'ed. Silvouple kontake .......... (non, address, telephone) .......... o moin 7 jou avan dat ou genyen rendevou pou ale nan tribunal, ou si le ou resevwa avi a, genyen mouins ke 7 jou avan date endevou tribunal la. Ou si ou pa tande**

**pale, rele nan nimerro sa 711.**

Mwen siyen non mwen e mete so mwen nan dokiman tribinal-la km temwen nan ………. (vil, distrik, eta) ………., nan ………. (dat) ……….

_____ GREFYE TRIBINAL-LA
_____ PA: _____

ASISTAN GREFYE TRIBINALA-L